UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHAEL TERRANOVA,

    Plaintiff,

v.                                                           Case No: 8:16-cv-1291-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff, Rachael Terranova, seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## **BACKGROUND**

### A.    Procedural Background

Plaintiff filed an application for SSI on November 27, 2012. (Tr. 14, 167–168.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 75–80, 86–90.) Plaintiff then requested an administrative hearing. (Tr. 91–92.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 31–49.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 11–26.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–8.) Plaintiff then timely filed a

complaint with this Court. (Dkt. 1) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B.      **Factual Background and the ALJ's Decision**

Plaintiff, who was born in March 1994, claimed disability beginning on August 1, 2012. (Tr. 142–150.) Plaintiff has a high school education. (Tr. 24, 35.) Plaintiff has no past relevant work experience. (Tr. 16, 38–39, 171–173.) Plaintiff alleged disability due to bipolar disorder, depression, social phobia, anxiety, asthma, and allergies. (Tr. 171.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since November 27, 2012, the application date. (Tr. 16.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: affective disorder, anxiety disorder, substance addiction disorder, and asthma. (Tr. 16.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16–18.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations: she must avoid concentrated exposure to irritants, fumes, odors, dusts, and gases, and she can perform unskilled simple, routine, repetitive tasks with only occasional contact with the public, co-workers, and supervisors. (Tr. 18–23.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 18–23.)

As noted, the ALJ determined that Plaintiff did not have any past relevant work. (Tr. 24.) Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as laundry laborer, sweeper/cleaner, and mail clerk. (Tr. 25.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 14–26.)

**APPLICABLE STANDARDS**

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("Administration"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform

her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the grounds that the ALJ failed to treat the opinion of Carl Fierstein, a licensed mental health counselor, as the opinion of an "other source" within the meaning of the Administration's regulations. (Dkt. 20 at 6.) For the reasons that follow, this contention does not warrant reversal.

The Administration uses "medical and other evidence to reach conclusions about an individual's impairment(s) to make a disability determination or decision." SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Specifically, when making a decision concerning disability, the Administration considers all of the available evidence, including "other evidence from medical sources, including their opinions; statements by the individual and others about the impairment(s) and how it affects the individual's functioning; information from other 'non-medical sources' and decisions by other governmental and nongovernmental agencies about whether an individual is disabled." *Id*; 20 C.F.R. § 416.913 (discussing sources of evidence).

### A. Acceptable Medical Sources

While all evidence from medical sources is considered, the regulations distinguish between the opinion evidence provided by "acceptable medical sources" and other sources. 20 C.F.R. § 416.927[1] (discussing evidence provided by acceptable medical sources and other sources). "Acceptable medical sources," as defined by 20 C.F.R. § 404.1502(a), include licensed physicians and licensed or certified psychologists. Only physicians, psychologists, or other acceptable medical sources can provide medical opinions. 20 C.F.R. § 404.1527(a)(1). Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity" of the claimant's impairments, including the claimant's

---

[1] This section, as well as 20 C.F.R. § 404.1527, applies to claims filed before March 27, 2017, including Plaintiff's claim.

- 5 -

symptoms, diagnosis and prognosis, the claimant's ability to perform despite impairments, and the claimant's physical or mental restrictions. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (internal quotation and citation omitted).

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to medical opinions and the reasons therefor. *Id.* at 1179. In determining the weight to afford a medical opinion, the ALJ considers the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to support or contradict the opinion. *Hearn v. Comm'r of Soc. Sec. Admin.*, 619 Fed. App'x 892, 895 (11th Cir. 2015). The medical opinions of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2). Good cause exists when the doctor's opinion is not bolstered by the evidence, the evidence supported a contrary finding, or the doctor's opinion is conclusory or inconsistent with his or her own medical records. *Winschel*, 631 F.3d at 1179.

### B. Other Medical Sources of Evidence

Evidence to establish an impairment may also be provided by "medical sources who are not acceptable medical sources." 20 C.F.R. § 404.1527(f). "[M]ental health counselors. . . [are] not 'acceptable medical sources'" under the regulations. *Farnsworth v. Soc. Sec. Admin.*, 636 Fed. App'x. 776, 783 (11th Cir. 2016) (citing 20 C.F.R. §§ 404.1513(a), 416.913(a)). Instead, mental health counselors are considered other sources of evidence. *Farnsworth*, 636 Fed. App'x. at 784; *see* 20 C.F.R. § 416.902.

Although ALJs are required to consider the opinions of mental health counselors as other sources, ALJs are not required to give mental health counselors' opinions controlling weight over the opinions of acceptable medical sources. *Id.* at 784 (explaining, "[w]hile the ALJ was required to consider the opinions of [two mental health counselors] as other medical sources, the ALJ was not required to give their opinions controlling weight over the opinions of acceptable medical sources, such as [the state consulting psychologist who provided a medical opinion]"); *see* 20 C.F.R. § 404.1527; SSR 06-03p, 2006 WL 2329939, at *2, *6.

The regulations provide that the ALJ generally should explain the weight given to other sources or otherwise ensure that the discussion of the evidence in the decision allows a claimant to follow the ALJ's reasoning when the opinion may have an effect on the outcome of the case. 20 C.F.R. § 416.927(f)(2). In considering other sources' opinions, the regulations allow ALJs flexibility to tailor the criteria normally applied to treating physicians to the facts of the specific case. 20 C.F.R. § 416.927(f)(1). The analysis may look to the length of treatment, nature and extent of treatment, the supportability and consistency of treatment notes, specialization, and other relevant factors. *See, e.g.*, *Farnsworth*, 636 Fed. App'x. at 784 (explaining that the ALJ provided sufficient reasons for discounting the opinions of licensed mental health counselors as to the severity of claimant's mental impairments); *Crawford*, 363 F.3d at 1160 (per curiam) (explaining that treating physician's opinion may be discounted if it is not accompanied by objective medical evidence or is wholly conclusory).

## C. Discussion

The ALJ considered the evidence provided by licensed mental health counselor Carl Fierstein and afforded the opinion little weight. (Tr. 23.) The ALJ summarized Mr. Fierstein's opinion and concluded as follows:

> Mr. Fierstein stated the claimant has episodes of losing jobs, poor communication with co-workers, poor abstinence, crying for no reasons and inability to follow instructions. Mr. Fierstein added the claimant was receiving treatment through August 13, 2012, but she lost her insurance and she has been without her prescribed medications Klonopin and Lamictal. Mr. Fierstein noted the claimant's symptoms included explosive mood, depression, sleep disturbances and loss of appetite. Mr. Fierstein stated the claimant is unable to support herself except with a part time job and part time community college. Mr. Fierstein opined it was his "professional opinion" that Social Security disability was appropriate to provide the proper psychiatric care and psychotherapy to help the claimant establish a responsible lifestyle (Exhibit 4F). Although a LMHC is not considered an acceptable medical source for opinion evidence, his opinion is nevertheless considered as a lay statement and is given little weight.

(Tr. 23.)

As an initial matter, Mr. Fierstein's opinion that Social Security disability was appropriate to provide the proper psychiatric care and psychotherapy to help the claimant establish a responsible lifestyle (Tr. 396) is not an opinion entitled to deference. Opinions that a claimant is disabled or unable to work "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). Such an opinion is not entitled to "any special significance." *Id.* § 404.1527(d)(3); *Denomme v. Comm'r of Soc. Sec.*, 518 Fed. App'x 875, 877–78 (11th Cir. 2013).

Additionally, the ALJ considered Mr. Fierstein's opinion and properly concluded that the licensed mental health counselor is not an acceptable medical source for evidence. The ALJ noted that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-03p. (Tr. 19.) It is not clear from the ALJ's decision, however, the reason for affording Mr. Fierstein's opinion little weight. While the ALJ considered the opinion, he did not "explain the weight given to opinions from these other sources

or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant . . . to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 416.927(f)(2). Further, the ALJ deemed Mr. Fierstein's opinion a "lay statement" instead of health care provider who is an other medical source of evidence as provided in the regulations. (Tr. 23.) Nevertheless, to the extent that the ALJ committed an error, the error is harmless if it did not affect the ALJ's ultimate determination. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

From the records presented in support of Plaintiff's application for SSI, Plaintiff received treatment from psychiatrist Dr. Mina Oza from October 2006 through September 2009. (Tr. 265–304.) Dr. Oza's records discuss Plaintiff's history of suicidal thoughts and hospitalization pursuant to the Florida Mental Health Act, Section 394.463 of the Florida Statutes (2006) ("Baker Act") in October 2006. (Tr. 298.) After Plaintiff's hospitalization, she received treatment from Dr. Oza and was diagnosed with attention deficit hyperactivity disorder, major depressive disorder, affective disorder, bipolar disorder, and asthma. (Tr. 280, 282, 287, 293, 295, 297, 303.) Dr. Oza recommended therapy and prescribed medication including Lamictal, Remeron, Wellbutrin, Prozac, and Adderall. (Tr. 265–304.) In 2006, Plaintiff was depressed, suffered from anxiety, and was unable to concentrate. (Tr. 294–304.) She also had poor recall, poor listening skills, and poor organization abilities. (Tr. 298.) In 2007, Plaintiff continued to be depressed, was nervous and unable to concentrate. (Tr. 292–293.) She was also forgetful and fidgety, but her suicidal thoughts were "much less" and "getting better." (Tr. 283, 284, 291.) In 2008, Plaintiff had no suicidal thoughts, was not depressed, and her functioning was excellent. (Tr. 271.) Similarly, in 2009, Plaintiff's grades improved in school, her social life and functioning were "excellent," and she had no suicidal thoughts. (Tr. 265.)

Plaintiff received treatment from Dr. Neil Thierry at Northside Community Mental Health Center ("NMHC") from April 2011 through September 2012. (Tr. 362–388.) Dr. Thierry diagnosed Plaintiff with bipolar disorder and social phobia. (Tr. 379–382.) Dr. Thierry prescribed medications including Lamictal and Klonopin. (Tr. 381.) In 2011, Plaintiff had mood swings and anxiety, but was "doing pretty well with regards to most symptomatology." (Tr. 376, 379.) She was not suicidal. (Tr. 370, 376, 379, 381, 386, 388.) Plaintiff was earning good grades and attending high school. (Tr. 379.) Likewise in 2012, although Plaintiff was using marijuana and had some anxiety, she stopped using opiates, graduated high school, obtained her driver's license, and had a car. (Tr. 366, 368.) Plaintiff was "functioning pretty well." (Tr. 366.)

In connection with her application for SSI, Plaintiff underwent a consultative psychological examination in January 2013 which was performed by psychologist Lawrence N. Pasman, Ph.D. (Tr. 390–394.) Dr. Pasman diagnosed Plaintiff with bipolar I disorder, generalized anxiety disorder, cannabis abuse, and polysubstance dependence. (Tr. 394.) In his examination, Dr. Pasman observed that Plaintiff's appearance was adequate, she was oriented, and fully alert. (Tr. 392.) Although her memory of recent events was slightly impaired, her remote memory and computational skills were adequate. (Tr. 393, 394.) Her concentration and motor behavior were normal and she had no cognitive disturbances. (Tr. 393.) Dr. Pasman noted no functional deficits in interpersonal functioning, concentration, persistence, pace, or adaptation. (Tr. 394.) In summary, Dr. Pasman concluded that Plaintiff's prognosis appeared fair with Plaintiff resuming psychiatric care. (Tr. 394.)

Plaintiff's record evidence also includes opinions from state agency medical consultant psychologists Michelle Butler, PsyD. and Eric Wiener, Ph.D. (Tr. 52–60, 62–71.) The consultants reviewed the evidence in the record and on January 9, 2013, Dr. Butler concluded Plaintiff had

only mild restrictions in activities of daily living and social functioning. (Tr. 56.) Dr. Butler further opined that Plaintiff had only moderate difficulties in maintaining concentration, persistence or pace and no repeated episodes of decompensation of extended duration. (Tr. 56.) On March 6, 2013, Dr. Wiener similarly found that Plaintiff had no severe restrictions in the activities of daily living, social functioning, maintaining concentration, persistence or pace, and that she had no repeated episodes of decompensation of extended duration. (Tr. 66.)

The ALJ accurately summarized all of Plaintiff's record evidence, including Mr. Fierstein's opinion. (Tr. 11–6.) The ALJ fully considered the medical and other evidence concerning Plaintiff's impairments and the Court finds that the ALJ's determination is supported by substantial, competent evidence. When the ALJ's decision is supported by substantial evidence, this Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment" in the place of the ALJ's even if the evidence preponderates against the ALJ's decision. *Bloodsworth*, 703 F.2d at 1239; *Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) (reversing the district court because it "improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision"). Because the ALJ's decision shows that he considered and accurately summarized Mr. Fierstein's opinion and the record evidence as a whole, Plaintiff's contention does not warrant reversal.

Plaintiff also argues that the ALJ erred by failing to order a consultative examination after receiving Mr. Fierstein's opinion. (Dkt. 20.) In response, the Commissioner argues, and the Court agrees, that the ALJ was not required to order a consultative examination where, as here, the record contains sufficient evidence to support a determination. (Dkt. 21 at 7.) Specifically, "a consultative examination may be purchased where the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the claimant's application.]" (Dkt. 21 at 7).

*See* 20 C.F.R. § 416.919; *Colon v. Colvin*, 660 Fed. App'x 867 (11th Cir. 2016). Examinations may also be issued to resolve any evidentiary discrepancy contained in the medical record. *See* 20 C.F.R. § 404.1519a(b). Ultimately, however, the issuance of a consultative examination is within the discretion of the ALJ. 20 C.F.R. § 404.1512(b)(2).

As explained herein, the ALJ reviewed and considered all the evidence of record. In support of his conclusion, the ALJ cited the medical records of both treating physicians Dr. Mina Oza and Dr. Neil Thierry, the state agency consultants' psychological evaluations, as well as personal testimony from Plaintiff and her father, among other evidence. (Tr. 54, 56). The ALJ also considered and assessed Mr. Fiersteins' opinion as a non-acceptable medical source, fully developed the record, and provided substantial evidentiary support by citing record evidence. *See, e.g.*, *Winschel*, 631 F.3d at 1178; (Tr. 21–25). Thus, while Plaintiff suffered from severe impairments, the record includes substantial competent evidence supporting the ALJ's decision and any error committed is harmless as it did not affect the ALJ's ultimate determination. *See Diorio*, 721 F.2d at 728.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

*See* 20 C.F.R. § 416.919; *Colon v. Colvin*, 660 Fed. App'x 867 (11th Cir. 2016). Examinations may also be issued to resolve any evidentiary discrepancy contained in the medical record. *See* 20 C.F.R. § 404.1519a(b). Ultimately, however, the issuance of a consultative examination is within the discretion of the ALJ. 20 C.F.R. § 404.1512(b)(2).

As explained herein, the ALJ reviewed and considered all the evidence of record. In support of his conclusion, the ALJ cited the medical records of both treating physicians Dr. Mina Oza and Dr. Neil Thierry, the state agency consultants' psychological evaluations, as well as personal testimony from Plaintiff and her father, among other evidence. (Tr. 54, 56). The ALJ also considered and assessed Mr. Fiersteins' opinion as a non-acceptable medical source, fully developed the record, and provided substantial evidentiary support by citing record evidence. *See, e.g.*, *Winschel*, 631 F.3d at 1178; (Tr. 21–25). Thus, while Plaintiff suffered from severe impairments, the record includes substantial competent evidence supporting the ALJ's decision and any error committed is harmless as it did not affect the ALJ's ultimate determination. *See Diorio*, 721 F.2d at 728.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on August 31, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record